Rec'd in MIA Dkt _10/28/04_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA **04 - 61422**
BROWARD DIVISION

CASE No: _____/_____

*CIV - COOKE*

MIAMI DOLPHINS, LTD., and
NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,

*I McALILEY*

    Petitioners,

vs.

ERRICK L. "RICKY" WILLIAMS and
NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION,

    Respondents.
_____/



## PETITION TO CONFIRM ARBITRATION AWARD

    Petitioners the Miami Dolphins, Ltd., and the National Football League Management Council (collectively, "Petitioners") seek confirmation of an arbitration award against respondents Errick L. "Ricky" Williams and the National Football League Players Association and entry of judgment in conformity with the arbitration award.

*Summary of Petition*

    This is a petition filed pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-13, to confirm an arbitration award entered in accordance with a collective bargaining agreement subject to the provisions of the Labor-Management Relations Act, 29 U.S.C. § 185, and to enter a judgment in conformity with the arbitration award.

*Parties and Jurisdiction*

    1.    The Miami Dolphins, Ltd. ("Dolphins"), is a limited partnership with its principal place of business in Ft. Lauderdale, Florida, and one of the member clubs of the National Football League ("NFL").

{M2158978;1}

Dockets.Justia.com

*Miami Dolphins, Ltd. v. Williams*
Case No. _____ : _____

2.    The National Football League Management Council ("NFL Management Council") is an association with its principal place of business in New York. The NFL Management Council is the sole and exclusive bargaining representative of present and future employer member clubs of the NFL.

3.    Errick L. "Ricky" Williams ("Williams") is an individual residing in Broward County, Florida. Williams was a professional football player employed by the Dolphins when events that are the subject of the underlying arbitration occurred.

4.    The National Football League Players Association ("NFLPA") is an association incorporated in the Commonwealth of Virginia with its principal place of business in Washington, D.C. The NFLPA is a labor organization certified by the National Labor Relations Board as the exclusive bargaining representative of all NFL players. The NFLPA regularly represents players employed in this judicial district for the purposes of collective bargaining and some of its members reside in the Southern District of Florida.

5.    The arbitration award that is the subject of these proceedings for confirmation arose from and was rendered pursuant to a collective bargaining agreement within the meaning of the Labor-Management Relations Act, 29 U.S.C. § 185.

6.    This Court has jurisdiction over these proceedings under 28 U.S.C. §§ 1331.

7.    Venue is proper in this District pursuant to 9 U.S.C. § 9, 28 U.S.C. § 1391, and 29 U.S.C. § 185.

### *Facts*

8.    The parties are bound by a Collective Bargaining Agreement ("CBA") negotiated between the NFL Management Council (on behalf of the NFL member clubs, including the Dolphins) and the NFLPA (on behalf of all NFL players). A copy of the *2002-2008 NFL Collective Bargaining Agreement* is attached at Exhibit **A**.

9.    In accordance with the CBA, the Dolphins and Williams entered into an NFL Player Contract setting the terms of Williams' employment, which agreement was governed by Article XIV of the NFL CBA. *See* CBA at 37-40.

10.    Prior to his breach of the NFL Player Contract, Williams' performance under the NFL Player Contract occurred in large part in Broward County and Miami-Dade County, Florida.

11.    Based on Williams' breach of the NFL Player Contract, the Dolphins and the NFL Management Council filed a non-injury grievance against Williams and the NFLPA pursuant to Article IX of the CBA ("Article IX"). *See* CBA at 20-24. The grievance demanded the return from Williams of $8,616,353.00 paid to him.

12.    Pursuant to Article IX, the non-injury grievance filed against Williams and the NFLPA was subject to arbitration. *See* CBA at 20-24.

13.    On September 21, 2004, an arbitration hearing was conducted in accordance with Article IX in Broward County, Florida, before an arbitrator appointed as provided by Article IX.

14.    An arbitration award ("Arbitration Award") was rendered in the form of the September 24, 2004, ruling (Exhibit **B**), supplemented by a detailed "Opinion" (attached as Exhibit **C**).

15.    The decision of the arbitrator as stated in the Arbitration Award is: "My decision is that the grievance is granted. Ricky Williams is ordered to pay the Miami Dolphins Eight million six hundred sixteen thousand, three hundred fifty three dollars ($8,616,353.00)." Arbitration Award at 1.

16.    Under the CBA, the Arbitration Award constitutes the "full, final, and complete disposition of the grievance, and will be binding upon the Player(s) and Club(s) involved and the parties to the Agreement; . . . ." CBA Art. IX, § 8.

17.    Williams has not complied with the Arbitration Award and he has failed to pay the sum awarded to the Dolphins.

18.    Williams has not sought to vacate, modify, or challenge the Arbitration Award.

19.    Petitioners are entitled to confirmation of the Arbitration Award and entry of judgment in conformity with the award pursuant to §§ 9 & 13 of the FAA.

WHEREFORE, Petitioners the Miami Dolphins, Ltd., and the National Football League Management Council seek an order (i) confirming the arbitration award against Respondents Errick L. "Ricky" Williams and the National Football League Players Association, (ii) entering judgment in favor of the Dolphins against Williams for the sum of $8,616,353.00, plus interest from the entry of the Arbitration Award, (iii) awarding Petitioners their attorneys' fees and costs in bringing this action and interest on the Arbitration Award, and (iv) providing Petitioners with such other and further relief as the Court deems proper.

Respectfully submitted,

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564
Telephone No. (202) 887-4067
Facsimile No. (202) 955-7791

By _____
    DANIEL L. NASH
    E-mail: dnash@akingump.com
    *Application for Admission Pro Hac Vice
    to be filed*

*Counsel for National Football League
Management Council*

**AKERMAN SENTERFITT**
One Southeast Third Avenue
28th Floor
Miami, FL 33131-1714
Telephone No. (305) 374-5600
Facsimile No. (305) 374-5095

By _____
    STANLEY H. WAKSHLAG
    Florida Bar No. 266264
    E-mail: swakshlag@akerman.com
    CHRISTOPHER S. CARVER
    Florida Bar No. 993580
    E-mail: ccarver@akerman.com

*Counsel for Miami Dolphins, Ltd.*

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**ATTACHMENT TO DOCKET
ENTRY:____/____**

# NOT SCANNED

☐ VOLUMINOUS (exceeds 999 pages = 4 inches)
☐ BOUND EXTRADITION PAPERS
☐ ADMINISTRATIVE RECORD (Social
    Security)
☐ STATE COURT RECORD (HABEAS CASES)

☐ SOUTHERN DISTRICT TRANSCRIPTS
☐ LEGAL SIZE
☐ DOUBLE SIDED
☐ PHOTOGRAPHS
☑ POOR QUALITY (i.e. hand written, legal size, light print, ect.)

# PLEASE REFER TO COURT FILE