NIGHT BOX
FILED

NOV 2 4 2004

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

MIAMI DOLPHINS, LTD., and
NATIONAL FOOTBALL LEAGUE
MANAGEMENT COUNCIL,

        Petitioners,

vs.                                    Case No. 04-61422 Civ  Cohn

ERRICK L. "RICKY" WILLIAMS and
NATIONAL FOOTBALL LEAGUE
PLAYERS ASSOCIATION,

        Respondents

_____/

**ANSWER OF NATIONAL FOOTBALL LEAGUE PLAYERS
ASSOCIATION AND ERRICK L. WILLIAMS TO
PETITION TO CONFIRM ARBITRATION AWARD**

        Respondents National Football League Players Association, Inc.

("NFLPA") and Errick L. Williams, by their undersigned attorneys, hereby answer the

Petition To Confirm Arbitration Award, filed October 28, 2004 ("Petition"), in this

action, as follows:

        1.        Admit, except aver that the "principal place of business" of Miami

Dolphins, Ltd. (the "Dolphins") is a legal conclusion as to which no response is required

or necessary.

        2.        Admit the first sentence, except deny sufficient information or

belief to admit or deny whether the National Football League Management Council

("NFLMC") is an "association," and aver that the "principal place of business" of the

Dockets.Justia.com

NFLMC is a legal conclusion as to which no response is required or necessary. Admit the second sentence.

3. Admit, except aver that the residency of Mr. Williams is a legal conclusion as to which no response is required or necessary.

4. Admit, except aver that the NFLPA is a corporation and that the "principal place of business" of the NFLPA is a legal conclusion as to which no response is required or necessary.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit that the Dolphins and Mr. Williams entered into an employment contract, but otherwise deny. Aver that the terms of Mr. Williams' employment are governed by the Collective Bargaining Agreement between the NFLPA and the NFLMC, as amended January 8, 2002 ("CBA"), in its entirety, and the Stipulation and Settlement Agreement, as amended January 8, 2002, in *White v. National Football* League, No. 4-92-906 (D. Minn.) (Doty, J.), in its entirety, and applicable law.

10. Admit, except aver that the allegation that Mr. Williams' conduct constituted a "breach" is a legal conclusion as to which no response is required or necessary.

11. Admit, except aver that the allegation that Mr. Williams committed a "breach" of the player contract is a legal conclusion as to which no response is required or necessary.

12.    Admit.

13.    Admit, except aver that whether the arbitration hearing was "conducted in accordance with Article IX" of the CBA is a legal conclusion as to which no response is required or necessary.

14.    Admit.

15.    Deny. The opinion issued by the Non-Injury Grievance Arbitrator speaks for itself.

16.    Admit that Article IX of the CBA contains the quoted language (i.e., Article IX, § 8 states: "The decision of the arbitrator will constitute full, final and complete disposition of the grievance, and will be binding upon the player(s) and Club(s) involved and the parties to this Agreement . . ."), but aver that (i) Petitioners have omitted the remaining language of this provision, and (ii) all arbitration awards are subject to applicable law.

17.    Admit that Mr. Williams has not paid the sum specified in the Award, and otherwise aver that the Arbitration Award, inter alia, is contrary to applicable law.

18.    Admit that, as of the date of the Petition, Mr. Williams had not sought to vacate, modify or challenge the award, but aver that Mr. Williams and the NFLPA shall timely do so.

19.    Deny.

## AFFIRMATIVE DEFENSES

The Petition to Confirm Arbitration Award should be denied, and the Award should be vacated, modified, corrected, or set aside for, inter alia, the following reasons:

20.    The Award must be vacated, modified, corrected, or set aside because the arbitrator acted in manifest disregard of the clear and unequivocal laws of Florida and Louisiana.

21.    The Award must be vacated, modified, corrected or set aside because enforcement of the Award would violate well-established public policy.

22.    The Award must be vacated, modified, corrected or set aside because it is arbitrary and capricious.

Dated:  November 24, 2004

Respectfully submitted,

By: _Edward Soto_____

Edward Soto (FBN 265144)
WEIL, GOTSHAL& MANGES LLP
1395 Brickell Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 577-3100
Facsimile: (305) 374-7159
Email: Edward.soto@weil.com

Jeffrey L. Kessler, Esq.
David G. Feher, Esq.
Melanie Moss
DEWEY BALLANTINE LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000

Richard A. Berthelsen, Esq.
General Counsel
National Football League Players
Association
2021 L Street, N.W.
Washington, D.C. 20036
Telephone: (202) 463-2000

Counsel for Errick L. Williams and
National Football League Players
Association, Inc.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of Answer of National Football League Players Association and Errick L. Williams to Petition to Confirm Arbitration Award was served via U.S. Mail and facsimile transmission this 24th day of November, 2004 to the individuals listed below.

Stanley H. Wakshlag, Esq.
Christopher S. Carver, Esq.
AKERMAN SENTERFITT
One Southeast Third Avenue, 28th Floor
Miami, Florida 33131

Daniel L. Nash, Esq.
AKIN GUMP STRAUSS HAUER &
FELD LLP
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036-1564

By: *Edward Soto*
Edward Soto